IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

MICHAEL HILL and
SHIRLEY HILL,

      Plaintiffs,

v.

DAMON CORP., d/b/a
DAMON MOTOR COACH

      Defendants.

_____/

CASE NO.: **10004311**

DIV.:

**DIVISION F**

RECEIVED AND FILED

FEB 24 2010

CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY. FL

## COMPLAINT AND JURY DEMAND

## INTRODUCTION

The Plaintiffs, MICHAEL HILL and SHIRLEY HILL, (hereinafter "PLAINTIFF"), through MITCHELL & BOLLIGER, PLLC and the undersigned counsel, files this Complaint and sues defendant, DAMON CORP., d.b.a. DAMON MOTOR COACH (hereinafter "MANUFACTURER") for violations of the Magnuson Moss Warranty Act, 15 U.S.C. 2301 et. al., associated with the purchase and warranty repairs associated with a 2006 Damon Intruder Motor Coach VIN # 5B4MPA7GX53411214 (hereinafter "VEHICLE") warranted by the MANUFACTURER.

## JURISDICTION AND PARTIES

1. PLAINTIFF is a Florida resident, residing in their RV in a number of Florida counties, including in HILLSBOROUGH County.

2. MANUFACTURER is a Foreign corporation authorized to do business in the State of Florida and, at all times relevant hereto, and was engaged in the business of selling and servicing RVs throughout the State and in HILLSBOROUGH County Florida.

3. The amount in controversy **DOES** exceed FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of interest and costs.

1

## FACTS COMMON TO ALL COUNTS

4. On or about April 10, 2007, PLAINTIFF purchased the VEHCILE from MANUFACTURER'S seller/agent, Haberson RV.

5. Along with the PURCHASE of the VEHICLE, PLAINTIFF received written warranties and other express and implied warranties from MANUFACTURER.

6. PLAINTIFF, according to MANUFACTURER'S instruction has taken the VEHICLE to MANUFACTURER'S seller/agents on numerous occasions for warranty repairs to correct defects in the VEHICLE.

   a. PLAINTIFF has provided MANUFACTURER with notice by taking the vehicle to MANUFACTURER'S authorized service agent for repairs.

7. After MANUFACTURER failed to adequately repair the VEHICLE and numerous defects continued to persist Plaintiff placed MANUFACTURER on notice that they intended to pursue Lemon Law causes of action by filing an Application for Relief with the Florida Recreational Vehicle Arbitration/Mediation Program, Case No.: 2009908.

8. MANUFACTURER attempting to limit its liability then entered into a settlement agreement with PLAINTIFF, where MANUFACTURER agreed to pay Plaintiff certain funds and to also complete repairs on a number of recurrent and longstanding defects.

   a. The settlement is codified in a Settlement Agreement and Release which is incorporated herein by reference. The Agreement contains a confidentiality provision and thus has not been attached.

   b. The terms of the Agreement at paragraph 1.4 warrant that Defendant will cure defects and damage to the bedroom sidewall and floor.

   c. The terms of the Agreement at paragraph 1.3 warrant that Defendant will cure defects described as items A through G. Attached to the Agreement is an itemization listed as Exhibit A that specifically lists these items A-G.

9. To date, even though the VEHICLE has been presented for repairs under the warranty/agreement on numerous occasions the above referenced items remain defective.

10. PLAINTIFF has provided notice and opportunity to cure any and all defects by presenting the VEHICLE to MANUFACTURER'S service agent as agreed.

2

11. The EXPRESS warranties given as part of the settlement have failed their essential purpose due to the MANUFACTURER'S failure to remedy the defects of the VEHICLE and/or failure to conform the vehicle within a reasonable period of time and/or reasonable number of attempts and Defendant has refused to perform repairs. Also, repairs were not adequate.

12. Further, the above failure to conform the product to the warranties is tantamount to a refusal to honor the warranties.

13. Finally, the above referenced severe and repetitive defects have shaken the PLAINTIFF'S faith and confidence in the VEHICLE irreparably.

## COUNT I
## BREACH OF EXPRESS WARRANTY

14. PLAINTIFF re-alleges and re-adopts paragraphs 1-13 as though fully set forth herein.

15. The above described actions (failure to repair and/or properly repair the above-mentioned defects, etc.), including failure to honor the express warranties, constitute a breach of the warranties by MANUFACTURER. Specifically, MANUFACTURER made the following express warranties:

   a. The terms of the Agreement at paragraph 1.4 warrant that Defendant will cure defects and damage to the bedroom sidewall and floor.

   b. The terms of the Agreement at paragraph 1.3 warrant that Defendant will cure specific defects described in items A through G. Attached to the Agreement is an itemization listed as Exhibit A that specifically lists these items A-G.

16. PLAINTIFF notified MANUFACTURER of the aforementioned defects and that they remained uncured.

17. PLAINTIFF has provided MANUFACTURER with sufficient opportunities to repair the defects or to replace the VEHICLE.

18. PLAINTIFF has reasonably met all obligations and pre-conditions and all conditions precedent prior to bringing this action have been performed, have occurred, or have been waived.

19. MANUFACTURER has failed to adequately repair the VEHICLE and/or has not repaired the VEHICLE in a timely fashion, and the VEHICLE remains in a defective condition.

3

20. Even though the express warranties provided to PLAINTIFF limited PLAINTIFF'S remedy to repair and/or replace defective parts, the VEHICLE'S defects have rendered the express warranties ineffective to the extent that the limited remedy of repair and/or replacement of defective parts failed of its essential purpose pursuant to Fla. Stat. 672.719(2), and/or the above remedy is not the exclusive remedy under Fla. Stat. 672.719(1)(b).

21. The VEHICLE continues to contain defects which substantially impair the value of the VEHICLE to the PLAINTIFF.

22. As a result of the VEHICLE'S defects the PLAINTIFF has lost faith and confidence in the VEHICLE and PLAINTIFF cannot reasonably rely upon the vehicle for the ordinary purpose of safe, efficient transportation and lodging.

23. If the finder of fact finds revocation and/or rejection was improper, then in the alternative, PLAINTIFF alleges that as of the date of revocation, the VEHICLE was in substantially the same condition as at delivery except for damage caused by its own defects and ordinary wear and tear. Therefore, PLAINTIFF is entitled to damages for breach of warranty calculated by the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted.

24. The MANUFACTURER has refused PLAINTIFF'S demands and has refused to provide PLAINTIFF with the remedies to which PLAINTIFF is entitled pursuant to Fla. Stat. 672.313, 672.714, 672.715 and 672.719.

WHEREFORE, PLAINTIFF prays for judgment against MANUFACTURER:

A. Declaring acceptance has been properly revoked by PLAINTIFF and for damages incurred in revoking acceptance;

B. For a refund of the purchase price, payments and security deposit paid by PLAINTIFF for the VEHICLE;

C. Rescission of the purchase contract and pay off the balance on the contract;

D. For the difference in value of the VEHICLE as promised and as actually delivered;

E. For consequential, incidental and actual damages;

F. For costs, interest and actual attorneys' fees pursuant to 15 U.S.C. 2310(d)(2); and

G. Such other relief this Court deems appropriate.

4

## COUNT II
## BREACH OF CONTRACT

25. PLAINTIFF re-alleges and re-adopts paragraphs 1-13 as though fully set forth herein.

26. MANUFACTURER, through the Settlement Agreement extended an offer to warrant the below items.

    a.  defects and damage to the bedroom sidewall and floor.

    b.  defects described in items A through G listed on Exhibit A.

27. PLAINTIFF accepted this offer by executing the Settlement Agreement.

28. The offer by MANUFACTURER to warrant the VEHICLE and the acceptance by the PLAINTIFF constitutes a valid contract under Florida law.

29. There was mutuality of consideration in that MANUFACTURER paid the monetary portion of the settlement to PLINTIFF and PLAINTIFF delivered the VEHICLE to MANUFACTURER for it to conduct the repairs that it promised to make.

30. MANUFACTURER breached the contract by failing to honor the warranties as noted in paragraphs 9 – 12 and 19 - 20.

31. As a result of MANUFACTURER'S breach the PLAINTIFF has incurred damages.


WHEREFORE, PLAINTIFF prays for judgment against MANUFACTURER:

A. Declaring acceptance has been properly revoked by PLAINTIFF and for damages incurred in revoking acceptance;

B. For a refund of the purchase price, payments and security deposit paid by PLAINTIFF for the VEHICLE;

C. Rescission of the purchase contract and pay off the balance on the contract;

D. For the difference in value of the VEHICLE as promised and as actually delivered;

E. For consequential, incidental and actual damages;

F. For costs, interest and actual attorneys' fees

G. Such other relief this Court deems appropriate.

5

## JURY DEMAND

32.   PLAINTIFF hereby demands trial by jury on all Counts.


ALDO BOLLIGER
FLA. BAR NO.: 486973
KURT D MITCHELL J.D.
FLA. BAR NO.: 12860
MITCHELL & BOLLIGER, PLLC
106 SOUTH ARMENIA AVENUE
TAMPA, FL 33609
PH: 813-425-2824
FAX: 813-425-2832

6

IN THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY FLORIDA
CIVIL DIVISION

MICHAEL and SHIRLEY HILL,                      Case No.:   10004311
                                                           **DIVISION F**
          Plaintiffs,

vs.

DAMON CORP., d/b/a
DAMON MOTOR COACH

          Defendant.

_____

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on:

DAMON CORP.
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324 US

Each defendant is required to serve written defenses to the complaint or petition on MITCHELL & BOLLIGER, PLLC, plaintiff's attorney, whose address is 106 SOUTH ARMENIA AVENUE TAMPA FLORIDA 33609 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

FEB 24 2010

DATED on _____

By: _____
    DEPUTY CLERK

1